**EMPIRE FIRE & MARINE INSURANCE COMPANY, Plaintiff,**

v.

**Robert C. HOLLIS, Edward M. Chadbourne, Inc., a corp., Ford Motor Company, a corp., Aetna Casualty Surety Company, a corp., Defendants.**

Civ. A. No. 76–322–P.

United States District Court,
S. D. Alabama, S. D.

May 6, 1977.

Thomas M. Galloway, Jr., Mobile, Ala., for plaintiff.

Michael D. Knight, Mobile, Ala., for Ford Motor Co.

Richard Bounds and James A. Yance, Mobile, Ala., for Robert C. Hollis.

Peter V. Sintz, Mobile, Ala., for Edw. Chadbourne, Inc. and Aetna Cas. & Sur. Co.

## OPINION AND ORDER

PITTMAN, Chief Judge.

Empire Fire and Marine Insurance Company brings this diversity-based declaratory judgment action seeking a declaration by the court that Empire has no duty to defend Edward M. Chadbourne, Inc. and its employee Bobby Salter in a related personal injury state civil action.

Empire files this declaratory judgment pursuant to 28 U.S.C. § 2201 and the court finds the conflict among the parties constitutes an "actual controversy" with jurisdiction conferred properly on the court.

Edward M. Chadbourne, Inc., was a general contractor on a road construction project in Abbeville, Alabama. Harrison, a general hauling firm and subcontractor on this particular job, was insured by Empire and responsible for the hauling of asphalt to the repaving site. Harrison's asphalt trucks, in order to lay their asphalt, generally would have to back-up several hundred feet to the work area. Stan Lloyd, an asphalt truck driver for Harrison, had hauled a load of asphalt to the Abbeville job site and was preparing to back the truck so the asphalt could be dumped. Congestion around the construction site necessitated the use of a person to direct Lloyd by use of hand signals as he backed his truck. It is not clear whether Salter, Chadbourne's employee who directed Lloyd, often directed the backing of these trucks as part of his job or whether he merely volunteered on this occasion. It is clear, however, that at the time of the accident, Salter directed Lloyd by the use of hand signals. It is reasonable to assume that Lloyd depended on Salter's hand signals for assistance in backing the truck. In the process of back-ing the truck to a position enabling it to unload its asphalt, Hollis, a Harrison employee, was struck by the truck and seriously injured. At the time of the accident, Lloyd's truck was approximately 100–125 feet from the point where the asphalt was to be unloaded. The truck, from the time it began its backing process until it struck Hollis, was engaged in one continuous motion.

Hollis filed suit in state court, seeking damages for his injury. Defendants here include all defendants in the state civil suit.

Empire alleges Chadbourne and Salter, in Hollis' civil action in which they are defendants, are demanding coverage under Empire's insurance policy. Harrison is the named insured. Defendants claim Salter's use of hand signals for Lloyd's benefit constituted a "use" under the omnibus clause of the policy, thus conferring coverage.

It is Empire's contention in this declaratory judgment action that it is not liable either to defend or assume liability for Salter or Chadbourne because (1) Lloyd's truck was, at the time of the accident *unloading* asphalt and by policy terms, coverage is not provided in such a situation, and (2) Chadbourne's employee directing Hollis at the time of the accident did not constitute a "use" within the meaning of such in the omnibus clause. The pertinent policy provisions are as follows:

## II. PERSONS INSURED

Each of the following is an insured under this insurance to the extent set forth below:

\* \* \* \* \* \*

(c) any other person while using an owned automobile or a temporary substitute automobile with the permission of the named insured, provided his actual operation or (if he is not operating) his other actual use thereof is within the scope of such permission, *but with respect to bodily injury or property damage arising out of the loading or unloading thereof,*

*such other person shall be an insured only if he is:*

(1) a lessee or borrower of the automobile, or

(2) an employee of the named insured or of such lessee or borrower;

(emphasis added).

Empire's policy, under "Coverage A" provides coverage for bodily injury. Axiomatic is the contention that coverage extends only to "persons insured" under II of bodily injury coverage. A reading of (c) above, indicates that "any other person", other than the *named* insured, is an insured person if:

(1) that other person, while using an owned automobile or temporary substitute automobile, uses it with the permission of the named insured; or

(2) if bodily injury or property damage arises out of *loading or unloading,* the other person must be a lessee, or borrower of the automobile or employee of the named insured. (emphasis added).

The primary and dispositive issue in this declaratory judgment action is whether, when Hollis was injured, the truck was in the process of "unloading". Parties have stipulated Salter was not a lessee, borrower, or employee of Harrison at the time of the accident.

There are two applicable doctrines in determining whether a vehicle is loading or unloading: the "coming to rest" doctrine and the "complete operation" doctrine. First, the "coming to rest" rule encompasses only those acts relating to the actual "removing or lifting of the article from the motor vehicle up to the moment when the goods which are taken off the vehicle have actually come to rest." 12 *Couch on Insurance* § 45:127 (1964). This doctrine is the more restrictive of the two and is considered the traditional rule.

The broader and more modern rule is the "complete operation" doctrine; under this rule, which is "supported by the weight of authority," *Couch* at § 45:128,

"the courts take the view that the 'loading and unloading' clause covers the entire process involved in the movement of goods from the moment when they are given into the insured's possession until they are turned over at the place of destination. . . ." *Couch* at § 45:128 at 197–98.

█ Alabama has not adopted either view. In *Commercial Standard Insurance Company v. New Amsterdam Casualty Co.,* 272 Ala. 357, 131 So.2d 182 (1961), the Alabama Supreme Court specifically refused to adopt either the "coming to rest" or the "complete operation" doctrines. The more liberal "complete operation" rule is considered the modern view and, as a general rule, is preferred by the Fifth Circuit when a federal court is sitting in a state that has expressed no opinion as to its preference. *Fireman's Fund Ins. Co. v. Canal Ins. Co.,* 411 F.2d 265, 268 (5th Cir. 1969). Accordingly, this court follows the more liberal "complete operation" rule.

█ The court holds that Lloyd's truck at the time of the accident was in the process of "unloading" under the preferred "complete operation" rule. Empire owes no duty to defend or insure Salter or Chadbourne because of the exclusion with regard to injury "arising out of loading or unloading" and Salter was not a borrower, lessee, or employee of Harrison.

The court does not reach the question of whether Salter's directing of Lloyd by hand signals constitutes a "use" under the policy.

It is therefore, ORDERED, ADJUDGED and DECREED that judgment should be and is entered in favor of the plaintiff, Empire Fire and Marine Insurance Co., and defendants are taxed with the costs.